**William REYES, Plaintiff–Appellant,**

v.

**NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Defendant–Appellee.**

**Docket No. 03–7857.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2004.

---

Rachel S. Rothschild, Ballon Stoll Bader & Nadler, P.C. (Marshall B. Bellovin, Robert Schwartz, on the brief), New York, NY, for Plaintiff–Appellant.

Marion R. Buchbinder, Senior Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Carol Fischer, on the brief), New York, NY, for Defendant–Appellee.

PRESENT: MCLAUGHLIN, CALABRESI, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant William Reyes brought a discrimination suit against the New York State Office of Children and Family Services ("OCFS"). Reyes alleged that he had been denied a religious accommodation on the basis of religious and national-origin discrimination, and he also made two claims of retaliation, one involving OCFS's failure to promote him and the other involving his involuntary (though lateral) transfer. The district court (Stein, J.) granted OCFS's motion for summary judgment. Reyes appeals.

With respect to the discrimination claim, even assuming *arguendo* that Reyes made a *prima facie* case and assuming even more *arguendo* that the explanations provided by OCFS could be deemed by a jury to be pretextual, Reyes still has not submitted enough evidence for a reasonable jury to find that OCFS discriminated against him. The only significant evidence Reyes introduced involved a woman, of a different race and religion than his, whom OCFS accommodated, but who had a totally different job and a totally different set of responsibilities than he had. *See, e.g., Cosme v. Henderson*, 287 F.3d 152, 154–55 (2d Cir.2002) (religious discrimination); *Bickerstaff v. Vassar College*, 196 F.3d 435, 445–46 (2d Cir.1999) (racial, national-origin discrimination).

And, with regard to his failure-to-promote claim, again assuming *arguendo* that Reyes presented a *prima facie* case of retaliation, he provided no evidence that could persuade a reasonable jury that OCFS's explanation—that it awarded the job to someone more qualified and for whom it was a lateral transfer—was pretextual. *See Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir.1998). Finally, as to his involuntary transfer, assuming, once more, *arguendo* that Reyes made a *prima*

*facie* case of retaliation either in response to his discrimination complaints or to his request for religious accommodation, there is no evidence under *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640–41 (2d Cir.2000), that the lateral transfer constituted an adverse job action; that is, none of the special circumstances that existed in *de la Cruz v. New York City Human Res. Admin. Dep't of Soc. Servs.*, 82 F.3d 16 (2d Cir.1996), or in *Rodriguez v. Bd. of Educ. of Eastchester Union Free Sch. Dist.*, 620 F.2d 362 (2d Cir.1980), were present in this case.

We have considered all of Plaintiff's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.